SOREN MATHISON

V.

JOHN STEVENS, Coroner, etc.

SETTING ASIDE A JUDGMENT.—The law intends that every one shall have a fair trial, and if prevented therefrom by accident or misfortune, without his fault, a judgment rendered against him should, upon a proper showing, be set aside.

APPEAL from the Circuit Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed January 3, 1883.

Mr. EDGAR L. JAYNE, for appellant; that when affidavits, upon their face, show a good defense upon the merits, and a valid excuse for apparent fault of defendant, and the exercise of due diligence, a default should be set aside, cited Propeller Hilton v. Miller, 62 Ill. 230; Mason v. McNamara, 57 Ill. 274; Souerby v. Fisher, 62 Ill. 135; Schlencker v. Risley, 3 Scam. 483.

On a motion to set aside a default, counter affidavits should not be received: Mendell v. Kimball, 85 Ill. 582.

Messrs. ELLIS & MEEK, for appellees.

WILSON, J. This was an action of debt brought in the County Court of Cook county, on a replevin bond executed by appellant as surety, one Garret A. Clement being the principal. Service was had on Mathison only, and he alone appeared to the action and filed pleas to the merits, upon which issues were duly joined. A judgment was rendered against him, which was reversed by this court on appeal. After the cause was remanded, another trial was had, May 2, 1882, in the absence of appellant and his attorney, which again resulted in a verdict and judgment for the plaintiff, from which judgment the present appeal is prosecuted by the defendant.

It appears from the bill of exceptions, that on May 5th, three days after the last trial, appellant by his counsel entered a motion to set aside the judgment and verdict and grant a new trial; and in support of the motion, read the affidavit of Mr. Jayne, the attorney for appellant, and also the affidavit of Jayne's clerk. The court denied the motion, and appellant excepted.

After a careful inspection of the affidavits offered in support of the motion to vacate the judgment, we are of opinion that the court erred in denying the motion. The affidavits show the exercise of reasonable diligence on the part of Jayne's clerk, who had the matter in charge, and that the failure of appellant and his attorney to be present at the trial was not the result of any negligence on their part. The motion was made in apt time, and the affidavits upon their face show a good defense upon the merits. The law intends that every one shall have a fair trial, and if prevented therefrom by accident or misfortune, without his fault, a judgment rendered against him should be set aside upon a proper showing. Being of opinion that such a showing was made in the present case, the judgment below is reversed and the cause remanded, with instructions to the court below to award a trial *de novo*.

Reversed and remanded.